UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEONARD J. FRANKLIN, III** : | **DOCKET NO. 18-cv-0358** |
| **D.O.C. # 469726** | **SECTION P** |
| **VERSUS** : | **UNASSIGNED DISTRICT JUDGE** |
| **TONY MANCUSO, ET AL.** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by plaintiff Leonard J. Franklin, III, who is proceeding pro se and in forma pauperis in this matter. Franklin is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("LADPSC") and is currently incarcerated at the Calcasieu Correctional Center ("CCC") in Lake Charles, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Plaintiff alleges that he has received inadequate care for an injured hand at CCC. Specifically, he states that the injury has caused his dominant hand to be locked in position and that a physician recommended physical therapy before attempting surgery to release tendons in the hand. Doc. 6, pp. 3–4. However, CCC employees have told him that he cannot receive physical therapy at the facility nor will they provide transport for physical therapy sessions. *Id.* Plaintiff states that CCC employees have also refused his request for transfer to an LADPSC facility with

a better medical unit. *Id.* Accordingly, plaintiff maintains, he is forced to delay recommended surgery. *Id.*

Plaintiff also states that he arrived at CCC in August 2016 and realized soon thereafter that he had been housed in the same dormitory as inmate Patrick Franklin who is serving time for murdering plaintiff's father when plaintiff was 11 years old. Doc. 7, p. 1. Plaintiff alleges that he immediately requested to be moved upon realizing that Franklin was in his dormitory but that CCC employees delayed several days in responding to his request. Plaintiff claims he was frightened and feared for his life. *Id.*

Patrick Franklin was eventually moved to another dormitory but in January of 2018 plaintiff found himself housed in the same pod as Patrick Franklin. *Id.* at 1–2. Plaintiff states that he has repeatedly asked to be moved because he feels that his life is in danger "being housed in the same living quarters as his Father's murderer." *Id.* at 2. However, he maintains, CCC employees have not met his request and have instead written him up for the sharpened object he resorted to carrying for his protection. *Id.*

In relief for his failure to protect claims, Franklin requests monetary damages and mental health treatment. *Id.* at 7. He also asks that his claim be submitted for arbitration and that steps be taken to prevent retaliation against him. *Id.* In relief for his medical care claims, he requests transfer to another facility, that steps be taken to prevent retaliation against him, and that he be housed in the medical unit pending his transfer. Doc. 6, p. 13.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

The petitioner has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides

for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Theories of the Complaint

#### 1. Failure to protect

Plaintiff bases his claims in the defendants' alleged violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *See* doc. 7, p. 1. Specifically, his claims arise from the CCC employees' alleged failure to protect him from the risk of harm posed by Patrick Franklin's presence. Without an allegation of physical harm, however, a plaintiff cannot state a

claim for damages under § 1983. *Rocha v. Carter*, 2017 WL 5900563, at *2 & n. 1 (S.D. Tex. Nov. 28, 2017) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005)). Here plaintiff alleges only that he has experienced mental anguish based on his apprehension that Patrick Franklin might pose a threat to his safety. He alleges no actual physical contact, much less harm, and his claim for monetary relief is only based on the alleged failure to protect. Accordingly, this claim should be dismissed.

### 2. *Improper parties*

Plaintiff names as defendants, inter alia, "Medical Staff Calcasieu Correctional Center," "Administration Calcasieu Correctional Center," and "Classifications Calcasieu Correctional Center." Under Federal Rule of Civil Procedure 17(b), the capacity to sue or be sued is governed by the law of the state where the court is located. Louisiana law provides that an entity does not possess such capacity unless it is a "juridical person." La. Civ. Code art. 24. Under Louisiana law, correctional centers and law enforcement offices or departments are not juridical entities. *E.g.*, *Durall v. Lafayette Police Dept.*, 2011 WL 6181387 at *1 n. 1 (W.D. La. Nov. 16, 2011); *Sipes v. City of Monroe*, 2013 WL 1282457 at *3 (W.D. La. Mar. 28, 2013) (collecting cases). Plaintiff may use placeholders, such as "John Doe," to designate any CCC defendants whose identities he has not yet learned, but should be aware that he will be obliged to name and serve **individuals** responsible under the above claims in order to obtain relief in this action.

### III.
#### CONCLUSION

Based on the above, **IT IS RECOMMENDED** that plaintiff's claim for compensatory damages and all claims against "Medical Staff Calcasieu Corrections Center," Administration Calcasieu Corrections Center," and "Classifications Calcasieu Corrections Center" be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim

on which relief may be granted. By separate order, we will advise plaintiff on the amendments required to show if his remaining claims might survive initial review.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 23rd day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE